IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. THOMAS C. WELTON and MARY E. WELTON, husband and wife, | |
| Plaintiffs, | |
| v. | Case No. 14-CV-04066-DDC-KGG |
| AMCO INSURANCE COMPANY, | |
| Defendant. | |

MEMORANDUM AND ORDER

Plaintiffs Dr. Thomas C. Welton and Mary E. Welton filed this lawsuit alleging that defendant Amco Insurance Company failed to pay the total amount of damages resulting from a fire and a collapse of part of plaintiffs' home. This matter comes before the Court on defendant's Motion to Dismiss (Doc. 16) Cause of Action Two of plaintiffs' Amended Complaint. For the reasons explained below, the Court grants in part and denies in part defendant's motion.

I.    Background

Plaintiffs reside in Topeka, Kansas. At all times relevant to this lawsuit, defendant insured plaintiffs' home under a homeowners' policy called the "Premier Platinum Package Home Owner's Policy." Between November 2011 and January 2012, a fire and an earthquake damaged plaintiffs' home. Plaintiffs filed this suit in state court on June 10, 2014, alleging that defendant failed to pay the full extent of their claims. Defendant removed the case on July 18, 2014.

Plaintiffs assert four causes of action in their Amended Complaint: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) a claim for attorney's fees

1

under K.S.A. § 40-256; and (4) a claim for attorney's fees under K.S.A. § 40-908. *See* Doc. 8 at 26-29.

## II.    Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

While the Court accepts the factual allegations of the complaint as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

But "[t]here is no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir.

2012).  "[T]he *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  *Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  Under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Id.* at 1192 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted)).

## III.   Analysis

Defendant's motion asks the Court to dismiss "Cause of Action Two"—that is, plaintiffs' claim for breach of the duty of good faith and fair dealing.  Defendant contends that although plaintiffs have labeled it as a claim for breach of a duty of good faith and fair dealing, Cause of Action Two is actually a tort claim for bad faith.  Because Kansas does not recognize actions for bad faith stemming from first party insurance claims, defendant argues that the Court must dismiss Cause of Action Two.  Plaintiffs respond that they have not asserted a bad faith claim. Instead, plaintiffs argue that Cause of Action Two is "anchored in [their] Cause of Action One Breach of Contract claim."  Doc. 20 at 7.

Defendant is correct about the foundation for his argument.  Kansas courts do not recognize tort actions for bad faith in the context of a first party insurance claim.  *See Spencer v. Aetna Life & Cas. Ins. Co.*, 611 P.2d 149, 158 (Kan. 1980).  Indeed, the Kansas Supreme Court has refused to adopt a tort of bad faith for conduct occurring between an insured and the insurer, stating:

> We are of the opinion the legislature has intended to provide a remedy for an
> insured who has problems with his insurance company.  He can maintain an
> action on the contract for his policy benefits, with costs, interest and attorneys'
> fees under arbitrary circumstances.  He may also report the company to the

> Department of Insurance under the Uniform Trade Practices Act for improper handling of claims pursuant to K.S.A. 40-2404(9).  The company's actions are reviewable by the department and punishable if found improper.  The legislature has provided several remedies for an aggrieved insured and has dealt with the question of good faith first party claims.  Statutory law does not indicate the legislature intended damages for emotional suffering to be recoverable by an aggrieved insured through a tort of bad faith.

*Id.*

But "in Kansas, insurance policies are typically considered contracts, and Kansas law implies a duty of good faith and fair dealing in every contract."  *H&L Assocs. of Kansas City, LLC v. Midwestern Indem. Co.*, No. 12-2713-EFM, 2013 WL 3854484, at *3 (D. Kan. July 25, 2013) (citing *Aves ex rel. Aves v. Shah*, 906 P.2d 642, 648 (Kan. 1995); *Howard v. Ferrellgas Partners, L.P.*, No. 10-2555-JTM, 2011 WL 3299689, at *6 (D. Kan. Aug. 1, 2011)).  To assert a cause of action for breach of a duty of good faith and fair dealing, plaintiffs must:  "(1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant allegedly violated by failing to abide by the good faith spirit of that term.'"[1]  *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996) (quoting *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1184 (D. Kan. 1990)).  Thus, the Court must analyze the allegations of plaintiffs' Amended Complaint to determine whether it states a valid claim for breach of a duty of good faith and fair dealing under Kansas law.

---

[1]     Plaintiffs quote *Howard* as support for the proposition that "a party can breach [the] implied covenant [of good faith] absent a specific covenant to which it must apply."  *See* Doc. 20 at 6-7 (quoting *Howard*, 2011 WL 3299689, at *6 (quoting *Law v. Law Co. Bldg. Assocs.*, 210 P.3d 676, 682 (Kan. Ct. App. 2009))).  But the Kansas Supreme Court has reversed the *Law* case, a case *Howard* relied on explicitly.  The supreme court concluded that the court of appeals' discussion on this point was "clearly dicta" and "the scope and application of the implied covenant of good faith and fair dealing is not an issue that was decided by the district court or the Court of Appeals . . . ."  *Law v. Law Co. Bldg. Assocs.*, 289 P.3d 1066, 1074 (Kan. 2012).

There is no dispute that plaintiffs have asserted a claim for breach of contract in "Cause of Action One" of the Amended Complaint.  But a review of plaintiffs' Cause of Action Two for breach of a duty of good faith and fair dealing reveals that its allegations fall into two distinct groups.  In the first group, plaintiffs assert that defendant "has, without just cause or excuse, arbitrarily and capriciously refused to pay [plaintiffs] the sums [plaintiffs] [are] due under the terms of the Platinum Policy[,]" and has "breached its duty of good faith and fair dealing by failing to promptly and properly adjust the [plaintiffs'] occurrences."  Doc. 8 at 27.  In addition, Cause of Action Two alleges:

> Defendant has, without just cause or excuse, arbitrarily and capaciously failed to pay [p]laintiffs the full amount of fire loss; collapse loss; earthquake loss; mold loss; additional living expenses; loss assessment expenses; adjusters['] fees; attorneys' fees[;] engineer fees; remediation fees; debris removal and other sums associated with the covered claims in this matter and covered under the Platinum Policy . . . ."

*Id.*

The Court concludes that this group of allegations sufficiently states a claim for breach of a duty of good faith and fair dealing.  As Kansas law requires, these allegations assert that defendant has violated the terms of its insurance policy by failing to pay the full extent of plaintiffs' damages.  *See Wayman*, 923 F. Supp. at 1359 (holding that a plaintiff must "point to a term in the contract which defendant allegedly violated").  And, if these allegations are proven

true, then plaintiffs may recover for defendant's breach of contract.[2]  Thus, the Court denies defendant's motion as it applies to this first group of allegations.

This leaves the second group of allegations set out in Cause of Action Two.  There, plaintiffs assert that defendant "has wrongfully attempted to coerce [p]laintiffs into taking less than the full amount due under the Platinum Policy insurance coverage."  Doc. 8 at 27.  Plaintiffs also allege that defendant has "superior knowledge of material facts, reports[,] and information, which [d]efendant AMCO Insurance has wrongfully failed to disclose or share with [p]laintiffs." *Id*.  And plaintiffs contend that defendant "has breached its duty of good faith and fair dealing by failing to . . . disclose [the] superior knowledge of material facts in its possession."  *Id*.

This second group of allegations does not contend that defendant violated the terms of its insurance policy.  Instead, these allegations theorize that defendant acted in bad faith by trying to coerce plaintiffs to accept less than they were entitled to receive and by withholding information germane to plaintiffs' claims.  These allegations sound in tort and, therefore, cannot support a claim for breach of a duty of good faith and fair dealing under Kansas law.  *See Wayman*, 923 F. Supp. at 1359; *Pizza Mgmt., Inc.*, 737 F. Supp. at 1167 ("[T]his court held . . . that a tort for breach of the implied covenant of good faith and fair dealing would not be recognized in a commercial contract setting.") (internal citation omitted).  The Court thus grants defendant's motion as it applies to the second group of allegations contained in Cause of Action Two.

---

[2]     Although a claim for breach of the implied duty of good faith and fair dealing really is a claim for breach of contract, and not a separate cause of action, the Court will not dismiss Cause of Action Two for this reason.  *See Midwestern Indem. Co.*, 2013 WL 2854484, at *4 n.29 (refusing to dismiss claim for breach of implied duty of good faith because it was "anchored" in breach of contract claim) (citing *Howard*, 2011 WL 3299689, at *6).  But plaintiffs cannot recover damages for both their breach of contract and breach of duty of good faith and fair dealing claims if they prevail on each one.  *Id*. (citing *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Grp.*, No. 02-1185-WEB, 2003 WL 22149669, at *3 (D. Kan. Aug. 14, 2003) (holding that plaintiff "could not recover twice for the same harm")).

**IV.     Conclusion**

The Court finds that plaintiffs have pleaded sufficiently a cause of action for breach of a duty of good faith and fair dealing when they allege that defendant has withheld payment in violation of its insurance policy.  The Court thus denies this aspect of defendant's motion because it sounds in contract.  But the Court dismisses all other allegations advanced in Cause of Action Two because they sound in tort, a theory Kansas law does not abide.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 16) is granted in part and denied in part as explained in this Order.

**IT IS SO ORDERED.**

**Dated this 23rd day of September, 2015, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**